```
             IN THE UNITED STATES DISTRICT COURT
             FOR THE SOUTHERN DISTRICT OF TEXAS
                       HOUSTON DIVISION

ROBERT L. BANARGENT,           §
TDCJ-CID NO.1337759,           §
        Plaintiff,             §
v.                             §   CIVIL ACTION NO. H-11-0990
                               §
JENNIFER A. HASLEY, et al.,    §
        Defendants.            §
```

ORDER

Plaintiff instituted this suit on March 7, 2011. (Docket Entry No.1). On June 1, 2011, the Court dismissed plaintiff's case without prejudice for want of prosecution because plaintiff failed to submit a certified copy of his inmate trust fund account statement. (Docket Entry No.11). Plaintiff was advised that "upon a proper showing, relief from this order may be granted in accordance with Rule 60(b) of the Federal Rules of Civil Procedure." (Id.).

Plaintiff has now filed a "Superior Order Motion for Amended Court of Inquiry Review and Special Consideration Tex. Code Crim. Proc. Chapter 52. Court of Inquiry." (Docket Entry No.13). Plaintiff's motion falls under Rules 59(e) and 60(b) of the Federal Rules of Civil Procedure.

A Rule 59(e) motion to alter or amend "'calls into question the correctness of a judgment.'" Templet v. HydroChem Inc., 367 F.3d 473, 478 (5th Cir. 2004) (quoting In Re Transtexas Gas Corp., 303 F.3d 571, 581 (5th Cir. 2002)). Such a motion is "not the proper vehicle for rehashing evidence, legal theories, or arguments

that could have been offered or raised before the entry of judgment." Id. at 479 (citing Simon v. United States, 891 F.2d 1154, 1159 (5th Cir. 1990)). Instead, "Rule 59(e) 'serve[s] the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence.'" Id. (quoting Waltman v. Int'l Paper Co., 875 F.2d 468, 473 (5th Cir. 1989)). "Relief under Rule 59(e) is also appropriate when there has been an intervening change in the controlling law." Schiller v. Physicians Resource Grp., 342 F.3d 563, 567 (5th Cir. 2003). Altering, amending, or reconsidering a judgment is an extraordinary remedy that courts should use sparingly. Templet, 367 F.3d at 479 (citing Clancy v. Employers Health Ins. Co., 101 F.Supp.2d 463, 465 (E.D.La. June 26, 2000)).

A district court may relieve a party from final judgment under Rule 60(b) on the basis of (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud, misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; or (6) any other reason justifying relief from the operation of the judgment." FED. R. CIV. P. 60(b).

In this case, plaintiff contends that dismissal of his civil rights suit was inappropriate because the Court did not appoint an

attorney to represent him as required by state law. (Docket Entry No.11). Plaintiff claims that he is indigent and therefore, cannot afford to retain counsel. (Id.).

The Court, however, was unable to determine plaintiff's indigency because he did not comply with orders to submit a certified copy of his inmate trust fund account statement. Plaintiff presents no grounds in the present motion upon which relief may be granted under Rules 59(e) or 60(b). Accordingly, his Superior Order Motion (Docket Entry No.11) is DENIED.

The Clerk shall provide a copy of this order to the plaintiff.

SIGNED at Houston, Texas, on *October 5*, 2011.

EWING WERLEIN, JR.
UNITED STATES DISTRICT JUDGE